UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-00020-DCR-EBA-1

UNITED STATES OF AMERICA,                          PLAINTIFF,

V.                  **REPORT AND RECOMMENDATION**

TONY F. WILKINSON,                           DEFENDANT.

*** *** *** ***

        On August 18, 2016, Tony F. Wilkinson pled guilty in a Kentucky state court to felony counts of Trafficking in Controlled Substances and being a Persistent Felony Offender. [R. 23 at pg. 1]. Then, during a traffic stop on February 28, 2022, Kentucky State Police found Wilkinson in possession of a loaded pistol. [R. 23 at pg. 1]. As a result, Wilkinson is now charged with knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Wilkinson moves to dismiss the charge, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution. For this position, he relies on the recent Supreme Court decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111 (2022), which recognized the right of "an ordinary, law-abiding citizen to possess a handgun in the home for self-defense" and further held a similar right exists for law-abiding citizens seeking to carry handguns in public for their self-defense. *Bruen,* 142 S. Ct. at 2122. The United States responded to Wilkinson's motion, [R. 25], and Wilkinson filed a reply, [R. 27]. This matter is ripe for review. For the reasons that follow, the undersigned will recommend that the motion to dismiss be denied.

        The Second Amendment provides, "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. However, title 18 U.S.C.§922(g)(1) states, in relevant part, that it shall be

unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In support of his argument that 18 U.S.C. § 922(g)(1) violates the Second Amendment, Wilkinson relies on the recent Supreme Court decision, *N.Y. State Rifle & Pistol Ass'n v. Bruen,* and the 2008 landmark Supreme Court decision *District of Columbia v. Heller,* 554 U.S. 570 (2008).

In *District of Columbia v. Heller,* 554 U.S. 570 (2008), the Supreme Court rejected the proposition that the Second Amendment protects only the right to possess firearms in connection with militia service. Instead, the Court endorsed an individual right to possess certain weapons for, among other purposes, self-defense in the home. *Id*. at 591. However, the Court emphasized that "the right secured by the Second Amendment is not unlimited." *Id*. at 626. It explicitly noted that its decision "should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 573.

In *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111 (2022), the Court established that the government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2129–30. "Only then may a court conclude that the individuals' conduct falls outside the Second Amendment's unqualified command." *Id.* Some courts have found that Bruen brings felon in possession regulations into question and, therefore, requires an expanded text and history analysis of the challenged statutes, while others have concluded that Bruen does not cast doubt on Heller's guidance. *United States v.*

*Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant"); *Range v. Att'y Gen. United States*, 69 F.4th 96, 101 (3d Cir. 2023) (holding that the Government did not carry its burden of showing that our Nation's history and tradition of firearm regulation supported disarming the plaintiff).

Wilkinson argues that under the standard established in *Bruen*, § 922(g)(1) is unconstitutional because it is a "modern law that has no roots in how the United States has treated firearms and firearm regulations." [R. 23 at pgs. 20]. He argues that 18 U.S.C. §922(g), a statute that "can only trace its origins back to 1938," is "surely not consistent with this Nation's history of firearm regulation." [R. 23 at pg. 20]. Wilkinson refers to various recent court decisions that, following *Bruen,* have called into question various provisions of § 922. *See United States v. Rahimi,* 61 F.4th 442, 449 (5th Cir. 2023) (prohibiting possession of firearms by someone subject to a domestic violence restraining order violates the Second Amendment as being inconsistent with historical tradition); *see also Range,* 69 F.4th at 106 (the Government did not carry its burden of showing that our Nation's history and tradition of firearm regulation supported disarming someone "like Range.").

The United States argues that binding precedent requires the Court to deny Wilkinson's motion to dismiss. [R. 25 at pgs. 3–5]. Specifically, in *United States v. Davis,* this court recently stated that "*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law." *United States v. Davis,* 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) (citing *District of Columbia v. Heller,* 554 U.S. 570, 626 (2008); *United States v. Khami,* 362 F. App'x 501, 507-08 (6th Cir. 2010); *United States v. Goins,* 2022 WL 17836677 (E.D. Ky.

Dec. 21, 2022)). The United States argues even if the Court finds it necessary to undertake a textual and historical *Bruen* analysis, Wilkinson's motion should still fail. [R. 25 at pg. 4].

A textual and historical analysis under *Bruen* first requires the Court to conduct a textual analysis to determine whether the challenged statute "infringe[s] on "the right of the people to keep and bear arms." U.S. CONST. amend II. Like many provisions of § 922, subsection (g)(1) makes it a crime for anyone who has been convicted of a crime punishable by imprisonment for over one year to ship, transport, possess, and receive firearms and ammunition, and therefore, infringes upon a person's Second Amendment rights.

Second, the Court must examine whether § 922(g)(1)'s regulation is consistent with the Nation's historical traditions of firearm regulation. *Bruen,* 142 S.Ct. 2129–30. Wilkinson argues that the statute is not consistent with this nation's historical tradition of firearm regulation and that the United States has failed to meet its burden to prove otherwise. [R. 23 at pg. 19]. A facial challenge "require[s] the Defendant to argue that the felon-in-possession statute is unconstitutional as applied to all felons covered by the statute." *Khami*, 362 F. App'x at 508.

"The best evidence that Congress has the power to strip [Wilkinson] of his Second Amendment rights would be founding-era laws that also deprive felons of firearms." *United States v. Goins,* 647 F.Supp.3d 538, 548–49 (E.D. Ky. Dec. 21, 2022) (citing *Kanter*, 919 F.3d at 454 (Barrett, J., dissenting) and *Bruen*, 142 S. Ct. at 2131 (the absence of an 18th century regulation can be evidence that an analogous modern law is unconstitutional)). The government points to "Judge Wier's recent rejection of a prior iteration of Defendant's motion" which "catalogue[s] the evidence of an English tradition of disarming persons perceived as being dangerous and/or posing a threat to the peace that carried forward into founding era firearm regulation." [R. 25 at pg. 6]. There, Judge Wier discussed at length both the English tradition and early American laws

disarming persons, and stated, "[w]hatever questions the margins of § 922 might invite, the worst of felons can surely correspond, as to the scope and reasons for firearm restrictions, which the most dangerous of persons disarmed when the Bill of Rights reified the pre-existing right." *See United States v. Risner,* Case No. 7:22-CR-00022-REW-EBA, ECR No. 103 at pgs. 11–15, 17]. The United States argues that, historically, disarmament was justified by the perceived dangerousness of target groups, and therefore, effective disarmament of convicted felons is "identical to these historical analogues." [R. 25 at pg. 6] (citing *Goins,* 647 F. Supp. 3d. at 549–556 (exclusively cataloguing historical sources and concluding: "By far the most consistent theme that emerges from history is that the Government could disarm those who were violation or a threat to the peace.").

Wilkinson brings a facial challenge to § 922(g)(1). As stated in *United States v. Khami*, 362 F.App'x 501, 507 (6th Cir. 2010) "the pronouncement in *Heller* that 'nothing in [*Heller*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons' was sufficient to dispose of the claim that §922(g)(1) is unconstitutional."  Additionally, because *Bruen* "did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law," *Davis,* 2023 WL 373172 at * 2, the undersigned RECOMMENDS that Wilkinson's motion to dismiss, [R. 23], be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to

preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed March 11, 2024.



Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge